**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA CHESS FEDERATION, INC., and RANDALL D. HOUGH, <br><br> Plaintiffs, <br><br> v. <br><br> SUSAN POLGAR and GREGORY ALEXANDER, <br><br> Defendants. | No. C 08-05126 MHP <br><br> **MEMORANDUM & ORDER** <br><br> **Re: Defendant Polgar's Motion for Leave to Amend Answer and Assert Counterclaim** |

The United States of America Chess Federation, Inc. ("USCF") and Randall D. Hough brought this action against Susan Polgar and Gregory Alexander, advancing claims related to alleged incidents of unauthorized entry into Hough's electronic mail account. Now before the court is defendant Polgar's motion for leave to amend her answer and assert counterclaims against plaintiff Hough and several other individuals. Having considered the arguments and submissions of the parties, and for the reasons set forth below, the court enters the following memorandum and order.

BACKGROUND

Plaintiffs filed their complaint in the Superior Court for the State of California, County of San Francisco, on October 24, 2008. Defendants removed the case to this court on November 10, 2008. Defendant Polgar filed her answer, which contained eight affirmative defenses and no counterclaims, on December 1, 2008. Docket No. 13. On January 19, 2009, Polgar moved to amend

her answer to add an affirmative defense of ultra vires act and a counterclaim for abuse of process. Plaintiffs opposed the motion, and Polgar, in her reply brief, requested leave to add a second counterclaim, for breach of fiduciary duty. The abuse of process counterclaim is directed at Karl S. Kronenberger, who is counsel of record for the USCF in this case, and five USCF executive board members: Bill Goichberg, Bill Hall, Randy Bauer, Jim Berry and plaintiff Randy Hough. The breach of fiduciary duty counterclaim is directed at Goichberg, Hall, Bauer and Hough. Polgar argues that she can and must counterclaim against individual board members rather than the USCF because these board members do not have the authority to bring suit on behalf of the USCF, having purportedly acted beyond the scope of their authority as provided by the USCF's bylaws.

LEGAL STANDARD

I. Leave to Amend

The court should freely give leave to amend pleadings when justice so requires. Fed. R. Civ. P. 15(a)(2). This policy is "to be applied with extreme liberality." Eminence Capital LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (citation omitted). The Ninth Circuit has stressed that, in considering motions to amend, district courts must bear in mind the underlying purpose of Rule 15, which is to "facilitate decisions on the merits, rather than on the pleadings or technicalities." Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004) (citation omitted). Nevertheless, a district court does not abuse its discretion in denying a motion to amend when the movant has presented no new facts and provided no satisfactory explanation for her failure to develop her contentions in her original pleading. Id. (citation omitted). In assessing the propriety of a motion for leave to amend, the court considers five factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended her pleading. Futility alone can justify the denial of a motion for leave to amend. See id., citing Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).

## II. Counterclaims

"The court may permit a party to amend a pleading to add a counterclaim if it was omitted through oversight, inadvertence, or excusable neglect or if justice so requires." Fed. R. Civ. P. 13(f). A counterclaim is not compulsory unless, among other things, it "arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a). The same factors that are used to assess the propriety of granting leave to amend a pleading generally also apply to amendments to pleadings that assert counterclaims. See Nunes, 375 F.3d at 808. As is true in relation to any claim, the court must also have subject matter jurisdiction over the counterclaim. "Federal courts are courts of limited jurisdiction. The character of the controversies over which federal judicial authority may extend are delineated in Art. III, § 2, cl. 1 [of the United States Constitution]. Jurisdiction of the lower federal courts is further limited to those subjects encompassed within a statutory grant of jurisdiction." Williams v. United Airlines, Inc., 500 F.3d 1019 (9th Cir. 2007), quoting Ins. Corp. of Ireland Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 649, 701 (1982).

## DISCUSSION

### I. Affirmative Defense

Defendant Polgar has given no specific reason why she was unaware at the time of her initial answer of the factual basis for an abuse of process claim. However, she has filed her motion at a very early stage in the proceedings, before issuance of a scheduling order or start of discovery. Plaintiffs cannot claim that they are unfairly prejudiced by amendment at this time. This is also the first request to amend filed by Polgar. Finally, the court cannot say that amending the answer to include the ultra vires act affirmative defense would be futile. Polgar's answer alleges in detail how the USCF bylaws operate to restrict the executive board's authority, and plaintiffs do not materially dispute Polgar's characterization of those bylaws' effect. In light of the "extreme liberality" with which the Ninth Circuit has instructed district courts to view requests to amend pleadings, see

3

Eminence Capital, 316 F.3d at 1051, granting the motion to amend the answer to include the affirmative defense is warranted.

II. Counterclaims

    A. Supplemental Jurisdiction

In addition to amending her answer defendant Polgar seeks to add two counterclaims, one for abuse of process and another for breach of fiduciary duty, added at the time of filing her reply. She asserts these claims against one named plaintiff in this action and against a number of third parties who are USCF executive board members and their attorney. These claims are alleged under California state law and asserted under this court's supplemental jurisdiction. The complaint in this action is premised on three federal statutory provisions. Whether this court may exercise jurisdction over the counterclaims is governed by section 1367 of Title 28.

Prior to the enactment of section 1367 in 1990, a substantial body of case law had evolved regarding pendent claim and pendent party jurisdiction which the Supreme Court described as "subtle and complex". Moor v. County of Alameda, 411 U.S. 693, 715 (1973). Section 1367 changed all of that by providing what had been lacking, a statutory grant of pendent or, thanks to section 1367 what is now known as, supplemental jurisdiction. Section 1367 (a) provides as follows:

> ...in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. *Such supplemental jurisdiction shall include claims that involve joinder or intervention of additional parties.* (Emphasis added)

The critical inquiry is whether "the federal and state law claims 'derive from a common nucleus of operative fact' and comprise 'but one constitutional case'." Raygor v. Regents of the University of Minnesota, 534 U.S. 533, 539 (2002)(quoting United Mine Workers of America v. Gibbs, 383 U.S.. 715, 725 (1966)). This Circuit has stated that the constitutional standard articulated in Gibbs is the only limitation on supplemental jurisdiction under section 1367 in non-

4

1  diversity cases, subsection (b) providing some limits on cases brought under the court's diversity
2  jurisdiction. <u>Mendoza v. Zirkle Fruit Co.</u>, 301 F.3d 1163, 1173-75 (9th Cir. 2002). Thus, the
3  question is whether the proposed counterclaims "share significant factual elements" such that they
4  are part of the same case or controversy. <u>See</u>, <u>e.g.</u>, <u>HB Gen'l Corp. V. Manchester Partners, L.P.</u>, 95
5  F.3d 1185, 1198 (3d Cir. 1996)(cited approvingly in <u>Mendoza</u>, 201 F.3d at 1174).

6        The counterclaims asserted here involve, at least in part, activities that occurred after those
7  alleged in plaintiff's complaint. The abuse of process claims allege actions that were taken in
8  initiating this very action   The allegations in both the abuse of process and breach of fiduciary duty
9  claims describe a continuing stream of activities among various board members and others involved
10 in USCF. They involve many of the "same facts, occurrences, witnesses and evidence: as are
11 involved in the original complaint. <u>See</u>, <u>e.g.</u>, <u>Palmer v. Hosp. Auth</u>., 22 F.3d 11559, 1567 (11th Cir.
12 1994). Even a "loose factual connection between the claims is generally sufficient." <u>Ammerman v.</u>
13 <u>Sween</u>, 54 F.3d 423, 424 (7th Cir. 1995)(citing 13 B Charles A. Wright, Arthur R. Miller and Edward
14 Cooper, <u>Federal Practice and Procedure</u>, §3567.1 at 117(2d ed. 1984).

15       Defendant's counterclaims name as counter-defendants not only one of the plaintiffs in the
16 original action, but a number of third parties who may or may not be diverse since there are no
17 citizenship allegations made with respect to them. Prior to the adoption of section 1367 these were
18 referred to as pendent parties and treated more strictly than pendent claims since there was not an
19 independent basis to assert jurisdiction over persons not already parties to the original action.
20 Again, in <u>Mendoza v. Zirkle</u> this Circuit found that its earlier holding proscribing pendent party
21 jurisdiction "does not survive the 1990 passage of §1367." 301 F.3d at 1173. The <u>Mendoza</u> court
22 noted that in <u>Ayala v. United States</u>, 550 F.2d 1196 (9th Cir. 1977), "we held that federal courts
23 were without power to exercise pendent party jurisdiction." <u>Id.</u>  The Circuit then pointed to the
24 Supreme Court's 2002 decision in <u>Raygor v. Regents</u> as "putting to rest" the restriction on pendent
25 party jurisdiction, <u>id.</u>, instructing that if the district court finds the counterclaims meet the <u>Gibbs</u>
26 standard the court has the power to exercise supplemental jurisdiction under section 1367.

27
28

**United States District Court**
For the Northern District of California

5

Other circuits agree, finding that section 1367 applies even to claims asserted by or against additional parties such as a "*defendant's* counterclaims against non-diverse parties joined as third-party defendants to the counterclaims." H B Gen'l Corp., 95 F.3d at 1197-98; see also Hinson v. Norwest Financial S.C., Inc., 239 F.3d 611, 615 (4th Cir.2001); Ammerman v. Sween, 54 F.3d at 424; Palmer v. Hosp. Auth., 22 F.3d at 1566-67. The only limitation is where jurisdiction over the original claim is based on diversity and additional claims are brought by the *plaintiffs* in the original complaint, not defendants asserting counter-claims or third-party claims.

Thus, the only question is whether the counter-claims or third-party claims form part of the same case or controversy. If so, the court has the power to exercise jurisdiction but may decline to exercise that jurisdiction "in the interest of judicial economy, convenience, fairness, and comity." Mendoza v. Zirkle, 301 F.3d at 1174. As explained above given the nature of defendant Polgar's claims and their relationship to the claims of the original complaint in this action the court finds that it has the power to assert supplemental jurisdiction over the counter-claims and third-party claims and should use its discretion in favor of jurisdiction. The facts, parties, witnesses and discovery will be of a piece with the original complaint. The activities are a continuum with those alleged in the original complaint. The duplication of litigation will be avoided and greater fairness achieved with the entire dispute among the parties in one forum. Comity is not jeopardized since none of the supplemental parties have a right to expect a state court to adjudicate these disputes and the State of California has no particular interest in the ongoing dispute.

This does not end the matter however with respect to defendant Polgar's motion to amend. While the motion to amend the answer is granted and the court has satisfied itself that it has jurisdiction to and should entertain the counterclaims, the court must review the proposed counterclaims under Rule 15(a) standards.

B. Abuse of Process

Defendant Polgar alleges that the USCF executive board members and their attorney abused the judicial process by, among other things, falsely representing to the Superior Court that they did not know whom to name as defendants in the instant suit. This alleged misrepresentation, according

to Polgar, allowed plaintiffs to obtain a subpoena from the court and thereby gain access to Polgar's private records, which Polgar maintains was plaintiffs' actual aim.

Abuse of process is a common law cause of action. A claimant must establish that a defendant "misused the machinery of the legal system for an ulterior motive." Competitive Technologies v. Fujitsu Ltd., 286 F. Supp. 2d 1118, 1155 (N.D. Cal. 2003) (Spero, Mag. J.) (internal quotation marks omitted), citing ComputerXpress, Inc. v. Jackson, 93 Cal. App. 4th 993, 1014 (2001). To succeed in an action for abuse of process, a litigant must establish that the defendant (1) contemplated an ulterior motive in using the judicial process, and (2) committed a willful act in the use of that process not proper in the regular conduct of the proceedings. Estate of Tucker ex rel. Tucker v. Interscope Records, Inc., 515 F.3d 1019, 1037 (9th Cir. 2008), quoting Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma, Inc., 42 Cal.3d 1157, 1168 (1986).

Polgar's allegations suffice to state an abuse of process claim; however, they state much more. The include "immaterial" and "impertinent" allegations having nothing to do with the actual abuse of process claim. Pursuant to Federal Civil Procedure Rule 12(f) the court may, and does, on its own motion strike such allegations. Therefore, references to defendant Polgar's self-proclaimed reputation, and allegations about the conduct of the counter-defendants and third parties having nothing to do with the actual abuse of process claim, are stricken.

C. Breach of Fiduciary Duty

Defendant Polgar attempts to add a breach of fiduciary duty claim by way of her reply memorandum. This claim suffers from some of the same problems as the abuse of process claim. Thus, allegations unrelated to the breach of fiduciary duty claim are stricken pursuant to Rule 12(f) However, this claim suffers more fundamental flaws. Nowhere in the claim does defendant spell out what duty is owed to her and in what capacity that duty arises. The court notes that it is doubtful plaintiff could allege a fiduciary duty that is owed by any of the counter-defendants or third party defendants. Normally, officers and directors of a corporation owe a duty to the corporation itself, rather than to individual shareholders, members or other directors.[1] Nonetheless, the court

7

will allow defendant Polgar to amend this counterclaim, if she can do so, to make the necessary duty and breach allegations now absent.

CONCLUSION

Defendant Polgar's motion to amend her answer to add an affirmative defense of ultra vires is GRANTED. Defendant Polgar's motion to amend her answer to add two counterclaims is GRANTED with respect to the abuse of process claim and DENIED with leave to amend as to the breach of fiduciary duty claim. The court further strikes "immaterial" and "impertinent" language from the abuse of process claim and the breach of fiduciary duty claim.

The court will allow plaintiff to amend her counterclaims to clean up the pleadings in accordance with the preceding order striking allegations under Rule 12(f) and to allege a basis for her breach of fiduciary duty claim. Plaintiff shall file her amended counterclaim(s) within thirty (30) days of the date of this order and counter-defendants and third-party defendants shall file their answers within thirty (30) days thereafter.

IT IS SO ORDERED.

Dated: April 13, 2009

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

## **ENDNOTES**

1. The California cases that have found a breach of a fiduciary duty to an individual shareholder have typically involved allegations of majority shareholder self-dealing that diminishes the value of minority shareholders' shares. <u>See, e.g.</u>, <u>Jones v. H. F. Ahmanson & Co.</u>, 1 Cal.3d 93 (1969). This is not such a case.